Per Curiam.

The object of the parties seems to be, to ascertain whether the sureties in the bond given by the appellant to the judge of probate, are responsible for the appellee’s property in the hands of the appellant; for it is of little consequence to the appellant himself whether he is charged as agent under the license to sell, or as attorney of the appellee. The question to be decided is, whether he is bound to answer on oath the interrogatories proposed. Two objections are made by him to the decree of the court of probate ; first, that from his relation to the estate sold and to the probate court, he is not bound to answer on oath ; secondly, that he received a power of attorney from the appellee after she became of age, and so that he is bound to account as attorney and not by virtue of the bond.
As tc the first point, the Court are clear that the appellant *120 is bound to answer on oath to pertinent interrogatories propoi ed *n ^le court of probate. And this arises, not from any express clause in the statute to this effect, but from the general provision that he is to account on oath. The obligation to account necessarily involves considerable details, in respect to dates, sums, persons and other circumstances ; and if the account, as first rendered on oath by the accountant, is defective in these particulars, specific questions may be proposed by any one entitled to the benefit of the account, for the purpose of supplying such defects, and such questions the accountant is bound to answer. Such has been the course of practice in this Commonwealth, in relation to the cases of executors, administrators and guardians. An agent to sell the estate of a minor, under a special license, stands in a similar fiduciary relation. He is to a certain extent a guardian, exercising in behalf of the minor similar powers to those confided to the general guardian.
By Si. 1783, c. 32, § 5, it is provided, that when it shall appear that it will be for the benefit of a minor, or person non compos, that his real estate shall be sold, and the proceeds put out on interest, the court may appoint some suitable person to make the sale, such person first to give bond with sureties to the judge of probate, to observe the rules and directions of law, in the sale of estates by executors or administrators, and to account for and make payment of the proceeds of the sale, agreeable to the rules of law.
This statute prescribes the rule of duty to such agent; in making the sale, advertising, taking the requisite oath, and other preparatory measures, he is to follow the rules prescribed in the same statute to administrators. And after the sale, he is to account for and pay over the proceeds, according to the rules of law. He is therefore to account with the judge of probate, and the same rules which regulate the mode of conducting other probate accounts, must apply to these. Being liable to account on oath, he is bound to answer interrogatories pertinent to such account.
The St. 1786, c. 55, after directing the mode of proceeding upon bonds of administrators, further directs that the like judgment and proceedings, (so far as they can with propriety *121 take place,), are to be had upon bonds of executors, guardians tc and others,” given to the judges of probate in their said capacity. Here the term “ others ” applies precisely to agents, licensed pursuant to statute, to sell the real estate of minors and others, and we are not aware that it can apply to any others, though perhaps it may. It strongly confirms the position, that the agent is to account before the judge of probate, n the same manner as an administrator.
This statute directs that the like proceedings shall be had, so far as applicable, as against an administrator. Conformably to this direction, a suit may be brought on the probate bond, in the name of the judge of probate, for the use and benefit of the minor, who shall have a special judgment thereon to his .own use, the writ being properly indorsed for that purpose. The case of a minor, in relation to such agent, is nearest analogous to that of an heir, in relation to an administrator. The statute directs, that when an heir has the suit brought for his part of the personal estate, he must exhibit a copy of the decree of the probate court, ascertaining its quantum, and make it appear that he has made demand thereof, of the administrator.
Such a decree necessarily implies that the administration account has been settled, because, till such accounting, the balance to be distributed could not be determined, nor, of course, the quantum ascertained.
So we think in case of an agent to sell the estate of a minor, pursuant to the statute, the account is first to be rendered and settled, all just allowances made, and the balance struck, and then a demand is to be made, and if the balance is not paid, proceedings may be had on the bond, as in case of the bond of an administrator.
The result is, that such an agent is an officer of the law, bound to account with the judge of probate on oath, and bound to answer all pertinent interrogatories touching the particulars of such account. Believing that the interrogatories set forth were pertinent, we are of opinion that the appellant was bound to answer them, and that the decree of the judge of probate in that respect was correct.
As to the power of attorney, the Court cannot know, till the *122 proposed questions are answered, whether the appellant has d°ne t^e several acts inquired of, under that power, or as an agent under the license of the Court. He must answer the specific interrogatories which have come up with the decree appealed from.[1] •
Decree affirmed

 See St. 1838, c. 190.